UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

     v.                                  Criminal No. 10-cr-7-JD

Javier Diaz


O R D E R


On January 20, 2010, a grand jury returned a nine-count indictment against Javier Diaz, alleging eight counts of distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and one count of unlawfully possessing a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  After initially waiving his right to a detention hearing, Diaz moved for bail pending trial.  At his bail hearing, held February 18, 2010, Magistrate Judge Muirhead denied Diaz's request for bail.  An order of detention pending trial was entered February 19.  Diaz now moves, pursuant to 18 U.S.C. § 3145(b), for review, revocation, and amendment of the order of detention.


Standard of Review

A district court reviewing a magistrate judge's pretrial detention or release order must "engage in de novo review of the contested order."  United States v. Tortora, 922 F.2d 880, 884

n.4 (1st Cir. 1990); see also United States v. Perozzi, No. 09-
cr-117-16-SM, 2009 WL 2929292, at *2 (D.N.H. Sept. 9, 2009)
(conducting de novo review of magistrate judge's detention
order).  Under 18 U.S.C. § 3142(g), "[t]he judicial officer
shall, in determining whether there are conditions of release
that will reasonably assure the appearance of the person as
required and the safety of any other person and the community,
take into account the available information concerning" four
categories: "(1) the nature and circumstances of the offense
charged, including whether the offense . . . involves . . . a
controlled substance," "(2) the weight of the evidence against
the person," "(3) the history and characteristics of the person,"
and "(4) the nature and seriousness of the danger to any person
or the community that would be posed by the person's release."

     "The government typically retains the burden of persuading
the court that 'no condition or combination of conditions will
reasonably assure the defendant's presence at trial.'"  United
States v. Newbegin, No. 09-cr-122-01-JD, 2009 WL 2246152, at *1
(D.N.H. July 24, 2009) (quoting United States v. Perez-Franco,
839 F.2d 867, 870 (1st Cir. 1988)).  "The [g]overnment must prove
the risk of flight by a preponderance of the evidence."  United
States v. Reynolds, 609 F. Supp. 2d 108, 110 (D. Me. 2009)
(citing United States v. Patriarca, 948 F.2d 789, 793 (1st Cir.

1991)).  "It must prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community."  Reynolds, 609 F. Supp. 2d at 110 (citing United States v. Mantecon-Zayas, 949 F.2d 548, 551 (1st Cir. 1991)).

Section 3142(e)(3) establishes a rebuttable presumption that detention is warranted if "there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."  The indictment "provides probable cause to believe that appellant has committed an offense for which he may receive a sentence of imprisonment for ten or more years for violation of the Controlled Substances Act."  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).  Once the presumption applies, the "defendant must produce only 'some evidence' to rebut [it]."  Id. (citation omitted).  Rebuttal evidence should show that "what is true in general is not true in th[is] particular case."  United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985), abrogated on other grounds by United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990).  "When a defendant produces such evidence, however, the presumption does not

disappear.   The burden of persuasion remains on the government
and the rebutted presumption retains evidentiary weight."
<u>Dillon</u>, 938 F.2d at 1416.


Discussion

In reviewing the detention order de novo, the court
considered Diaz's motion for bail pending trial; an electronic
audio recording of the February 18, 2010, bail hearing; the
exhibits Diaz submitted at his bail hearing; Diaz's motion for
review, revocation, and amendment of the magistrate judge's
order; and the government's objection to the motion.


A.   <u>Section 3142(e)(3) Presumption</u>

The parties agree that the presumption in 18 U.S.C. §
3142(e)(3) applies, because Diaz is charged with violating 21
U.S.C. § 841(a)(1), for which the Controlled Substances Act
prescribes a maximum term of imprisonment of twenty years.   <u>See</u>
21 U.S.C. § 841(a)(1) & (b)(1)(C).


B.   <u>Rebutting the Presumption</u>

Diaz argues that he successfully rebutted the § 3142(e)(3)
presumption, and that the magistrate judge's order of detention
was therefore improper.   Diaz contends that he is not a flight

4

risk or a danger to others or the community because he has ties
to the Manchester community; he has worked in New Hampshire since
approximately 1994; his parents, three minor children, and the
children's mothers live or work in the greater Manchester area.
Diaz also argues that any concern regarding his risk of flight or
dangerousness can be adequately addressed by imposing conditions
on his release, such as requiring him to reside with his mother,
imposing a curfew, requiring that he surrender his passport(s),
and using electronic monitoring and urine testing.

The government objects to Diaz's motion, arguing that the
multiple counts of distributing cocaine with which Diaz is
charged constitute very serious crimes.  The government proffers
evidence that each of the cocaine buys was audio recorded and
some were video recorded.  Government agents executed a search
warrant where they found Diaz, and they discovered 8.9 ounces of
cocaine, as well as various drug and firearm accouterments.  The
government also argues that Diaz poses a high risk of flight
because he is a citizen of the Dominican Republic and could face
deportation if convicted in this case.

A de novo review of the case against Diaz, his history and
characteristics, the risk of flight, and the danger he poses to
others and the community reveals that no condition or combination
of conditions will reasonably assure his appearance.  Diaz has

5

not succeeded in rebutting the presumption that he is likely to flee and that he is a danger to others and the community.  No conditions, including those suggested by Diaz, would assure Diaz's appearance, nor would they prevent him from committing additional crimes, and thereby harming others and the community. See <u>Tortora</u>, 922 F.2d at 886-87.

The severity of the charges and the possibility of deportation, in particular, create a strong motivation not to appear in this court.  The defendant's alleged sales of cocaine suggest that he poses a threat to the safety of others, and his history of traffic violations further supports that conclusion. In short, the court agrees with both the reasoning and the conclusion of the magistrate judge's order of detention.  Diaz shall remain in detention pending trial.

<u>Conclusion</u>

For the foregoing reasons, Diaz's motion for review, revocation, and amendment of the magistrate's detention order (document no. 16) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 3, 2010

cc:  Douglas J. Miller, Esquire
     Michael J. Zaino, Esquire